Filed 4/29/26  P. v. Underwood CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085937 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD302367) |
| v. | |
| DIARMEN BART UNDERWOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Heather Lee Monasky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Diarmen Bart Underwood of corporal injury of a dating partner.  (Pen. Code,[1] § 273.5, subd. (a), count 1.)  After Underwood

---

[1]    Undesignated statutory references are to the Penal Code.

admitted two strike priors and the circumstance in aggravation that he had served a prior state prison term, the court sentenced him to a total of eight years in state prison.

Appellate counsel filed a brief presenting no argument for reversal but inviting this court to review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Underwood the opportunity to file his own brief on appeal, but he has not done so. Having independently reviewed the entire record for error as required by *Anders* and *Wende*, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Underwood and C.L. lived together in San Diego with their two-year old daughter. In January 2024, Underwood slapped C.L. across the face as she sat on the toilet. C.L. left the bathroom and in the living room, she pushed Underwood down onto the couch and grabbed the back of his hair. Underwood pushed her off, rose from the couch, and hit C.L. in the head. C.L. got dizzy and saw stars, and fell backwards. C.L. was diagnosed with an acute concussion and a thumb sprain.

C.L. testified falsely at the preliminary hearing that she had slipped on a toy in the living room and hit her head on the couch. At trial she explained that she changed her story because she needed somewhere for her and her daughter to go. C.L. also testified about an incident of domestic violence by Underwood against her that occurred a few months before the charged incident.

The jury convicted Underwood of corporal injury of a dating partner (§ 273.5, subd. (a), count 1) but found not true the allegation that he inflicted great bodily injury. (§ 12022.7, subd. (e).)

## DISCUSSION

Appellate counsel filed a *Wende* brief asking the court to review the record for error. To assist the court in its review and in compliance with *Anders*, counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1) Was appellant's admission of the circumstance in aggravation knowing and intelligent where he was not advised of the penal consequences of admission?

2) Was appellant's admission of the circumstance in aggravation valid where he did not waive his right to a jury trial but his counsel waived for him?

3) Did the court err in overlooking the low term presumption due to appellant's childhood trauma and neglect in imposing the upper term?

4) Was trial counsel ineffective for not requesting a continuance to investigate appellant's childhood trauma and its contribution to the offense given appellant's sentencing letters received by counsel the day of sentencing?

5) Did the court err in basing the finding that appellant's prior convictions were "numerous" on at least one juvenile adjudication?

We have reviewed the entire record as required by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have considered the possible issues identified by Underwood's counsel. We found no reasonably arguable issues supporting a reversal.

Competent counsel has represented Underwood in this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

KELETY, J.

4